## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROL A. WILLIAMS,

          *Plaintiff,*

vs.

CLAY COUNTY POLICE DEPARTMENT;
JOHNSON COUNTY POLICE
DEPARTMENT; and WYANDOTTE
COUNTY POLICE DEPARTMENT

          *Defendants.*

Case No. 10-CV-2658-EFM

## MEMORANDUM AND ORDER

Plaintiff Carol A. Williams brings this action, *pro se* and *in forma pauperis*. Defendants include Clay County, Missouri, the Johnson County Police Department, and the Wyandotte County Police Department. Before the Court are all Defendants' Motions to Dismiss (Docs. 19, 21, 26). For the following reasons, Defendants' motions are granted.

### I. Facts and Procedural Background

Plaintiff Carol A. Williams filed this action as a FormComplaint. She also attached several exhibits to the Form Complaint. In the complaint, she named "Clay County," "Johsonson (sic) County," and "Wdy (sic) County" as Defendants. Williams was then granted *in forma pauperis* status and ordered to provide the addresses of all named Defendants. When listing the addresses, Williams named the Defendants as "Clay County Police Department," "Johnson County Police

Department," and "Wyandotte County Police Department."[1]

In the Jurisdiction section of the Form Complaint, under diversity, Plaintiff partially filled in a response. The Form states, "Plaintiff is a citizen of the State of [blank]" Williams wrote "yes" in the blank, apparently meaning Kansas. Williams made no other notation in the section on diversity jurisdiction. On the federal question jurisdiction section, Williams wrote a response in the section captioned "Other grounds (specify and state any statute which gives rise to such grounds)." Her response was, "I'm a victim of Identity Theft," and she did not check the boxes indicating that the case arose under the Constitution or a federal statute.

On the Statement of Claim section of the Form, Williams wrote, "I'm a victim of identity theft I was robbed and I want my name clear and exspunged (sic)." Williams did not write anything in the section of the Form that asked for relief requested.

There are then three yes or no questions on the Form. The questions read, "Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Do you claim actual damages for the acts alleged in your complaint? Do you claim punitive monetary damages?" Williams circled yes for all three questions.

The Form then stated, "[i]f you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages." Williams wrote, "Being a victim of Identity Theft the police department in Wdy County Clay County and Johson (sic) County has put me on Data Basic as resurt (sic) I lost the job had in 1995. Has of then look at Document #33 is exsupose

---

[1]Although Williams listed "Wyandotte County Police Department" as a Defendant (Doc. 7), the address she provided was for the Kansas City, Kansas Police Department headquarters. There exists a Wyandotte County Sheriff's Office, and a Kansas City, Kansas Police Department, but there is no "Wyandotte County Police Department." For purposes of this order, the named Defendant "Wyandotte County Police Department" will be treated as a subordinate governmental entity of the Unified Government of Wyandotte County.

(sic) of turning me down of Police Data Basic." Plaintiff did not provide any dollar amount for damages.

Under the Administrative Procedures section of the Form, Williams circled no when asked if the claims in this civil action had been presented through any type of administrative procedure. When asked to indicate a reason why administrative procedures had not been pursued, Williams wrote, "I was a victim of Identity Theft and it was not handle right and I need my name clear."

The exhibits attached to the Form Complaint included a form letter from the U.S. Census Bureau. The letter noted that Williams' application for temporary employment was "potentially flagged as disclosing information pertaining to a conviction, court martial, or pending charges." The letter further stated that there was a chance the record did not concern Williams and provided instructions for her to dispute the identity of the arrest record in question.

Williams also provided orders of dismissal from Wyandotte County dated June 10, 1997, Johnson County dated June 27, 1997, and Clay County dated January 23, 2002. She then attached the second page of what might be a Motion to Dismiss or Motion for Directed Verdict dated June 27, 1997, and a letter from the Missouri State Public Defender System noting that the above case in Clay County had been dismissed. Finally, Williams included a photocopy of a Missouri driver's license listing "Williams, Carol A." Handwritten beneath the driver's license is a note stating, "Past 10 years this lady has stolen my identity. Police did not correct their mistake. I need redress."

Defendants filed Motions to Dismiss (Docs.19, 21, 26). Plaintiff subsequently filed a document entitled "Motion to Amend the Complaint."[2] Williams also filed a Response meant to

_____

[2]This document was designated as a Supplement (Doc. 24).

apparently address all Motions to Dismiss.[3]

All Defendants assert that the court either lacks subject matter jurisdiction or that the Defendant lacks the capacity to be sued. Two Defendants assert that Plaintiff fails to assert a claim Clay County, Missouri further asserts that the court lacks personal jurisdiction, and the complaint is filed in an improper venue. In addition, Wyandotte County Police Department filed a Motion to Quash asserting insufficiency of process and insufficiency of service of process.

## II. Legal Standard

### A. Lack of Capacity to be Sued

The capacity of a party to be sued in federal court is determined by state law.[4] Under Kansas law, "subordinate governmental agencies do not have the capacity to sue or be sued" absent a specific statute.[5] In noting that K.S.A. § 75-6103 subjects a governmental entity to liability for damages caused by the negligent action or wrongful act or omission of its employees, the Kansas Supreme Court cited K.S.A. § 75-6102(c) defining governmental agencies as either the state or a municipality.[6] A municipality is defined as "any county, township, city, school district or other political or taxing subdivision of the state, or any agency, authority, institution or other instrumentality thereof."[7] No statute in Kansas gives a police department the capacity to sue or be

---

[3]Doc. 31. This document was not timely filed as to any of the three Defendant's motions, nor does the response address Defendants' arguments for dismissal.

[4]Fed. R. Civ. P. 17(b).

[5]*Fugate v. Unified Gov't of Wyandotte Cnty. / Kansas City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001) (citing *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311, 316 (1985)).

[6]*Hopkins*, 237 Kan. at 606, 702 P.2d at 316–317.

[7]K.S.A. § 75-6102(b).

sued.[8]

**B. Rule 12(b)(1) Standard**

District courts have "original jurisdiction of all civil actions arising under the Constitution,

laws or treaties of the United States." [9] "A case arises under federal law if its 'well pl eaded

complaint establishes either that federal law creates the cause of action or that the plaintiff's right

to relief necessarily depends on resolution of a substantial question of federal law.'" [10] District courts

also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between citizens of diffe rent states."[11]

Municipal subdivisions of the state, such as c ounties, cities, towns or school districts, having

separate corporate entities, are citizens for the purposes of diversity.[12] Plaintiff is responsible for

showing the court by a preponderance of the evidence that jurisdiction is proper.[13] Mere allegations

of jurisdiction are not enough.[14]

Federal courts are courts of lim ited jurisdiction and, as such, m ust have a statutory or

constitutional basis to exercise jurisdiction.[15] The law imposes a presumption against jurisdiction,

---

[8]*Pfuetze v. Kansas*, 2010 WL 3892243, at *5 (D. Kan. 2010).

[9]28 U.S.C. § 1331.

[10]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[11]28 U.S.C. § 1332.

[12]*Oklahoma ex. rel. Williams v. Okla. Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936).

[13]*United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[14]*Id.* at 798.

[15]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

and plaintiff bears the burden of showing that jurisdiction is proper.[16]

## C. Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" [17] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[18] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[20] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[21] Allegations that merely state legal conclusions, however, need not be accepted as true.[22]

---

[16]*See, e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[17]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[19]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[20]*Iqbal*, 129 S. Ct. at 1950.

[21]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[22]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[23]  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[24]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[25]  Furthermore, when a party proceeds *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[26]

### III.  Analysis

Both the Johnson County Police Department and the Wyandotte County Police Department assert that they lack the capacity to be sued.[27]  It is well established that under Kansas law, police departments lack the capacity to be sued.[28]  Because no Kansas statute gives a police department the capacity to sue or be sued, both the Johnson County Police Department and the Wyandotte County Police Department must be dismissed.

---

[23]*Hall*, 935 F.2d at 1110.

[24]*Id.*

[25]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[26]28 U.S.C. § 1915(e)(2)(B)(i-iii).

[27]Because Williams named the Defendants as "Johnson County Police Department," and "Wyandotte County Police Department" when ordered to provide the Defendant's addresses, the Court accepts those as the named Defendants in lieu of "Johsonson (sic) County" and "Wdy (sic) County" as listed in the Form Complaint.

[28]*See Pfuetze*, 2010 WL 3892243, at *5.

Clay County, Missouri asserts that the Court lacks subject matter jurisdiction because the complaint does not meet the requirements for diversity.[29] While Williams is a citizen of Kansas, she never indicated what relief was sought further than circling "yes" on the Form Complaint when asked if she was seeking actual and punitive damages. Because the Plaintiff must show that jurisdiction is proper, and Williams has failed to show that the sum or value in controversy meets the requirements for diversity, this Court cannot exercise jurisdiction under 28 U.S.C. § 1332. In addition, Plaintiff does not provide any basis for federal question jurisdiction.[30] Because the Court cannot discern any federal claim, or the amount in controversy, Williams fails to establish that the Court has subject matter jurisdiction, and all Defendants must be dismissed.

**IT IS ACCORDINGLY ORDERED** that all Defendants' Motions to Dismiss (Docs. 19, 21, 26) are hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[29]Plaintiff originally named "Clay County" as a Defendant in her Form Complaint, then named "Clay County Police Department" and provided the address for the Clay County Sheriff's Department Doc. 7. Because Defendant was originally named as Clay County, and has proceeded as Clay County, Missouri, the Court considers the named Defendant to be Clay County, Missouri.

[30]Although Johnson County Police Department surmises that Plaintiff might be alleging a 42 U.S.C. § 1983 violation, the Court cannot act as a pro se litigant's advocate, and the allegations are much too cursory for the Court to presume what, if any, federal statute was violated. As such, the Court does not treat this claim as a § 1983 violation. The Court notes that if this were a § 1983 violation, and if the claims accrued from the date of dismissal for the respective cases, the statute of limitations would have expired in Kansas two years after the cases in the respective counties were dismissed (*Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citing K.S.A. § 60-513(a)(4)), or would have expired in Missouri five years after the case in Clay County was dismissed. (*Lohman v. Kempker*, 2002 WL 992330, at *1 (8th Cir. 2002) (citing Mo. Rev. Stat. § 516.120(4) (2000)).